

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable G. X. Gerren
County Attorney
Ector County
Odessa, Texas

Dear Sir:

Opinion No. O-4776
Re: Commissioners' Court of Ector
County has no authority to ap-
point a stenographer for Com-
missioners' Court of county
judge, and related matters.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"I desire to submit the following ques-
tions to you for your opinion:

"I.

"Can the County, through the Commission-
ers' Court, employ a stenographer and legally
pay her out of county funds, the purpose of
her employment being to work in the County
Judge's office and do stenographic work for
the County Judge and County Commissioners?

"Ector County has a population of less
than Fifteen Thousand.

"II.

"If a County Commissioner is inducted in-
to the Army, can the county continue to pay his
salary as county commissioner?"

Subdivision (a) of Section 13 of Article 3912e,
Vernon's Annotated Texas Civil Statutes, applicable to coun-
ties having a population of twenty thousand (20,000) inhabi-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY

tants or more and less than one hundred and ninety thousand (190,000) inhabitants, according to the last preceding federal Census, reads as follows:

"(c)  The commissioners' court may author-
ize the employment of a stenographer by the coun-
ty judge and pay for such services out of the
general fund of the county to an amount not to
exceed Twelve Hundred ($1200.00) Dollars per
year."

The above quoted article, however, does not apply to Ector County, a county having a population of less than 20,000 inhabitants according to the last preceding Federal Census.

It is our opinion that the Commissioners' Court of Ector County has no authority to appoint a stenographer for the Commissioners' Court and does not have authority to ap-point a stenographer for the county judge of said county. We therefore answer your first question in the negative.

However, the Commissioners' Court could authorize the county judge to appoint a clerk for such officer. See opinion No. O-2242 of this department, a copy of which is en-closed herewith. Opinion No. O-2242 applies to fee counties; but the rule is the same in salary counties except that in salary counties the salary of the county judge's clerk must be paid from the Officers' Salary Fund.

Your second question is answered by opinion No. O-4349 of this department, a copy of which is enclosed here-with.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  Wm. J. Fanning

Wm. J. Fanning
Assistant

WJF:GO

ENCLOSURES

APPROVED SEP 3, 1942

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN